1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KELVIN FELTON,

Petitioner,

v.

JOHN MARSHALL, *Warden*; EDMUND G. BROWN, JR., *The Attorney General of the State of California*,

Respondents.

Civil No.   09cv732-JM (POR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**[Dkt. No. 3.]**

Petitioner, a state prisoner proceeding *pro se*, has submitted his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  On April 9, 2009, Petitioner filed a motion requesting appointment of counsel.  (Dkt. No. 3.)  At this time the Court **DENIES** without prejudice Petitioner's request for appointment of counsel for the reasons stated below.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986); Hood v. Galaza, 47 F. Supp. 2d 1144, 1149 (S.D.Cal. 1999).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'"  18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an

[Case# for Footer]

1   evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728;

2   Rule 8(c), 28 U.S.C. foll. §  2254.  The appointment of counsel is discretionary when no

3   evidentiary hearing is necessary.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728.

4         In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not

5   entitled to appointed counsel unless the circumstances of a particular case indicate that

6   appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at

7   1196; Knaubert, 791 F.2d at 728-29.  A due process violation may occur in the absence of

8   counsel if the issues involved are too complex for the petitioner.

9         At this time, no appointment of counsel is warranted because an evidentiary hearing

10  has not been granted, nor is counsel needed to prevent a due process violation.  From the

11  federal habeas petition and prior state habeas petitions lodged with the Court, all filed *pro se*,

12  it appears that Petitioner well understands his case and the legal issues involved. Under such

13  circumstances, a district court does not abuse its discretion in denying a state prisoner's

14  request for appointment of counsel, as it is simply not warranted by the interests of justice.

15  See Berry v. Grigas, 171 Fed. Appx. 188, 191-2 (9th Cir. 2006).  Therefore, at this stage of

16  the proceedings, the Court finds that the "interests of justice" do not require the appointment

17  of counsel.

18        Accordingly, Petitioner's request for appointment of counsel is **DENIED** without

19  prejudice.

20  DATED:  April 17, 2009

21  _____

22  LOUISA S PORTER
    United States Magistrate Judge

23
    cc        The Honorable Jeffrey T. Miller
24            All parties

25

26

27

28