# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KELVIN FELTON | CASE NO. 09cv0732 JM(POR) |
|---|---|
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| vs. | |
| JOHN MARSHALL, Warden; EDMUND G. BROWN, JR., Attorney General of the State of California, | |
| Respondent. | |

On July 29, 2010, Magistrate Judge Porter entered a Report and Recommendation Recommending that the Petition for Writ of Habeas Corpus be Denied ("R & R"). The R & R, expressly incorporated herein, thoroughly and thoughtfully analyzed Petitioner's claims and recommended that the Petition be denied on the merits. Petitioner has filed objections to the R & R ("Objections"). Respondent did not file a reply to the Objections. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument.

In his Objections, Petitioner sets forth essentially the same arguments raised in the Petition and addressed in the R & R. One argument, concerning the sufficiency of the evidence to support his conviction for making a criminal threat against Officer Ashton, warrants further discussion. Petitioner argues that his statement to the effect that he "wouldn't mind kicking the officer's ass" does not constitute a criminal threat under the circumstances of this case. As set forth in the R & R, a sufficiency challenge is viewed in the light most favorable to the prosecution and must be denied

1  unless no rational trier of fact could have found proof of guilt beyond a reasonable doubt. <u>Jackson</u>
2  <u>v. Virginia</u>, 443 U.S. 307, 324 (1979).

3  While the statement, seen in isolation, suggests a conditional quality, the totality of the circumstances support the jury's finding. As noted by the California Court of Appeal, the following identified circumstances support the jury's finding: Petitioner had beat and injured his wife several hours before threatening Officer Ashton, a fact known by Officer Ashton; Petitioner told other officers that he was as strong as an ox if his handcuffs were removed; Petitioner acted belligerently toward Officer Ashton; the threat conveyed to Officer Ashton an immediate prospect of execution of the threat, as evidenced by her testimony; Petitioner used a racially derogatory term at Officer Ashton; and Officer Ashton was going to be unarmed and alone with Petitioner. Viewing the entirety of the circumstances identified herein in the best light to the prosecution, the court concludes that the evidentiary record supports the finding even though the jury could have drawn contrary conclusions from the same evidence. See <u>Payne v. Borg</u>, 982 F.2d 335, 341 (9th Cir. 1992).

14  With respect to Petitioner's remaining Objections, the court denies the Objections for the reasons set forth in the R & R.

16  In sum, the court adopts the R & R in its entirety and denies Petitioner's Objections. The Clerk of Court is instructed to close the file.

18  **IT IS SO ORDERED.**

19  DATED: September 16, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties